UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STUART WINSOR, on his behalf and others
simarly situated ,

                              Plaintiff,

-vs-                                                   Case No. 2:10-cv-62-FtM-36SPC

GOLF CLUB of the EVERGLADES, INC.,
a Florida profit corporation,

                              Defendant.
_____

## **ORDER**

This matter comes before the Court on the Notice of Settlement (Doc. #20) filed on April 29, 2010. The parties indicate a settlement has been reached with the Defendant, Golf Club of the Everglades, Inc.

The parties are required to provide the Court with sufficient information regarding the settlement in order for the Court to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354-55 (11th Cir. 1982). Therefore, the parties should submit a Joint Motion to Approve the Settlement with the settlement documents. The information should include a copy of the settlement agreement signed by all parties, a brief description of the terms of the settlement, the number of hours and lost wages originally claimed by the Plaintiff and whether or not the Plaintiffs claims were settled by compromise.

With regard to attorney's fees, the Court recognizes the ruling in <u>Bonetti v. Embarq. Mgmt. Co.</u>, 2009 WL 2371407 (M.D. Fla. Aug. 2009)[1]. Counsel should indicate whether the settlement of the attorney's fees was independent and in seriatim in order to forego the necessity to file copies of billing records with their settlement documentation. If the parties have not reached an agreement regarding attorneys' fees, detailed billing records **shall** be filed with the settlement documents within the time frame outlined in this order.

Accordingly, it is now

**ORDERED:**

The parties shall have up to and including **MAY 21, 2010**, to submit **all** appropriate settlement documentation for the Court's review.

**DONE AND ORDERED** at Fort Myers, Florida, this   30th    day of April, 2010.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record

---

[1] The <u>Bonetti</u> Court held if the Plaintiff's recovery and attorney's fees were settled independently of the Plaintiff's claims, there would be no need to file the attorney's billing records unless the fees were out of line compared with the settlement agreement. Thus, the award of attorney's fees and costs would no longer require approval using the lodestar approach. <u>See</u> Order Doc. # 27.